# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KERRY CHARLES DUPARD, SR.**                         **CIVIL ACTION**

**VERSUS**                                            **NO.  14-0050**

**JAMES HARPER ET AL.**                               **SECTION "A" (4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.      Factual Background

The plaintiff, Kerry Charles Dupard, Sr. ("Dupard") is currently being held at the Avoyelles Bunkie Detention Center in Evergreen Louisiana.   He  filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Orleans Parish Public Defender James Harper, Orleans Parish Criminal Court Judge Darryl Derbigny, Assistant District Attorney Virginia D. Miller, Assistant District Attorney William Jorden, U.S. Marshal Task Force Officers Wayne Griffiths, Philip DeSalvo, Harley Smith, and Matt Glapion, Deputy Supervisor U.S. Marshal Doug Farrell, Deputy U.S. Marshals Michael Shesby, Raymond Smiles, and Brian Fair, Orleans Parish K-9 Unit Police Officer Harold Rich and Hunter, Orleans Parish Police Officers N. Addison

and A. Harris, Orleans Parish Police Sergeant R. Fayard, and Orleans Parish Detectives Brian Elsensohn, Scott Seymour, and Raymond Hughes, in both their individual and official capacities. *See* Rec. Doc. 3.

More specifically, Dupard alleges that on January 27, 2012, at approximately 10:53 a.m., defendant members of the Orleans Police Department, lead by Detective Raymond Hughes, and defendant members of the U.S. Marshal Service, lead by Deputy U.S. Marshal Brian Fair, including the six (6) defendant U.S. Marshals and Deputy Supervisor Marshal Doug Farrel, "banned together as one unit", entered his premises with excessive force, and violated his Fourth Amendment right against illegal search and seizure. *Id.* Dupard alleges that the defendants illegally searched his home and arrested him for failure to register as a sex offender without an arrest warrant, search warrant, probable cause, or exigent circumstances. *Id.*

Dupard further alleges that the defendants committed the crime of criminal damage of private property because they deliberately damaged a section of his six (6) foot wooden fence to gain entry into his yard, broke open the security screen door, leaving it warped and unusable, and forcibly kicked the front door open, leaving it beyond repair. *Id.* Dupard contends that one-year-old Toni Dupard, two-year-old Kerrion Turner, and their mother, Darrylnish Turner, were all present and scared, as they were all about fifteen (15) feet away from the two (2) doors when the units entered. *Id.*

Next, Dupard alleges that defendants, Assistant District Attorneys Virginia D. Miller and William Jordan, unconstitutionally instituted a Bill of Information as to the charge of failure to register as a sex offender, without obtaining jurisdiction to prosecute the offense because the offense was committed in St. Bernard Parish. *Id.*

Dupard further alleges that defendant, Orleans Parish Public Defender James Harper ("Harper"), violated his right to effective assistance of counsel at every stage during the criminal proceeding, including his right to present a defense and a right to a fair trial. *Id.* Dupard alleges that Harper committed malpractice by intentionally failing to file any pretrial motions in compliance with Dupard's right to due process, failing to investigate all reports, affidavits, and warrants concerning the Fourth Amendment violation and the lack of jurisdiction in his case, and failing to present mitigating evidence during the pretrial stages of the criminal proceedings, which consisted of two (2) sworn affidavits of material witnesses to the excessive force used in his arrest *Id.* at 19-20.

Finally, Dupard alleges that defendant, Judge Darryl Derbigny, failed to maintain the integrity of the judicial proceeding by accepting a plea of guilty for the offense of failing to register as a sex offender for which the State did not have legal jurisdiction to prosecute. *Id.* at 19.

In his complaint, Dupard seeks injunctive as well as declaratory relief including: (1) an Order from this Court declaring that the claims violated his rights under the Constitution and law of the United States; (2) A preliminary and permanent injunction ordering all the above mentioned defendants not to retaliate against him for exercising his constitutional right to redress his grievance; (3) the Court to issue a Temporary Restraining Order ("TRO") against each defendant, prohibiting them from having any contact with him, directly or indirectly through their agencies, directly through their employment, or otherwise; (4) compensatory damages for loss wages, child support, physical incarceration, and mental damages from being incarcerated in the amount of $2 million against each defendant, jointly and severally; (5) punitive damages in the amount of $2 million against each defendant jointly and severally; (6) trial by jury on all issues triable by jury; (7) costs resulting from this suit; and (7) any additional relief the Court deems just, proper, and equitable. *Id.*

at 9, 15.

## II.    Standard of Review for Frivolousness

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are

given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

III.    <u>**Analysis**</u>

Dupard's allegations that he entered a plea of guilty, which he now contests, because of alleged ineffective assistance from his counsel, that his Fourth Amendment right against unreasonable search and seizure were violated by members of the Orleans Parish Police Department and the United States Marshals, that the District Attorneys instituted a Bill of Information as to the charge of failure to register as a sex offender without obtaining jurisdiction to do so, and that the judge accepted his plea of guilty to the offense without having jurisdiction to do so,  invoke the Court's jurisdiction under 42 U.S.C. § 1983.  Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  *See* 42 U.S.C. § 1983.

The United States Supreme Court, however, has limited the availability of Section 1983 actions for prisoners in certain instances.  Of relevance here, the Supreme Court has stated that a Section 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The very basis of Dupard's complaint is a challenge to the constitutionality and validity of

his underlying criminal conviction and his current incarceration for failing to register as a sex offender.  His claim therefore calls into question the validity of his criminal conviction for which he is currently confined. The record does not provide any evidence that his conviction or sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a state or federal court as described in *Heck*.[1]  The *Heck* bar would normally call for the dismissal of Dupard's claims until the *Heck* conditions are met.

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improper and immune defendants.  *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

In this case, Dupard has named improper defendants, and/or defendants who are otherwise immune from suit under § 1983 liability, and/or claims which lack an arguable basis either in law or in fact. Thus, the claims against the following defendants must be dismissed as a threshold matter without application of the *Heck* doctrine to Dupard's complaint. Each claim is addressed independently below.

1. **Official-Capacity Claims**

      A. **Members of the Orleans Parish Police Department, Assistant District Attorneys Virginia D. Miller and William Jorden, and Orleans Parish Public Defender James Harper**

As previously noted, Dupard brings suit against these defendants in their official capacities. He alleges that the defendant members of the Orleans Parish Police Department violated his Fourth

---

[1]*Id.*

Amendment right against illegal search and seizure, used excessive force, and damaged his property when executing his arrest. He alleges that defendants Miller and Jorden unconstitutionally instituted a Bill of Information as to the charge of failure to register as a sex offender, without obtaining jurisdiction to prosecute the offense. Finally, he alleges that defendant Harper violated his right to effective assistance of counsel at every stage during the criminal proceeding.

However, he does not identify what, if any, policy or custom of the relevant local governmental entity caused his injuries.[2] Nor does he allege facts from which the Court could draw the reasonable inference that the relevant local governmental policy caused his injuries. *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."). Accordingly, the Court finds that he has failed to state a claim against all the defendants in their official capacities. *Melendez v. Gutierrez*, EP-11-CV-136-PRM-DCG, 2011 WL 3847136 (W.D. Tex. July 26, 2011) report and recommendation adopted, EP-11-CV-136-PRM, 2011 WL 3846835 (W.D. Tex. Aug. 30, 2011). As

---

[2]Official policy is: (1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) A persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined. More specifically, Dupard must identify "(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right." *Grandstaff v. City of Borger*, Texas, 767 F.2d 161, 169 (5th Cir.1985). Similarly, an isolated incident is not sufficient to show that a custom exists. As we stated in *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984) (en banc), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985): "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy." The Supreme Court has elaborated on the causal requirement by holding that the connection must be more than de facto; the policy or custom must be "the moving force of the constitutional violation." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2433-34, 85 L.Ed.2d 791 (1985) (plurality opinion); *Palmer v. City of San Antonio, Tex.*, 810 F.2d 514, 516 (5th Cir. 1987) abrogated by *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

such, the claims must be dismissed.

**B.      Orleans Parish Criminal Court Judge Darryl Derbigny**

Dupard has named as a defendant, Orleans Parish Criminal Court Judge Derbigny in his official capacity. He alleges that Judge Derbigny failed to maintain the integrity of the judicial proceeding by accepting a plea of guilty to the offense for which the State did not have legal jurisdiction to prosecute.

However, a suit against a state court judge in his or her official capacity would be considered suit against the State of Louisiana. This is so because any judgment for monetary damages against the judges in their official capacity would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1(E)(1)(c).

In that regard, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." As such, the Eleventh Amendment bar Dupard's suit for monetary damages and injunctive relief against Judge Derbigny.

**C.      Members of the United States Marshal Service**

Dupard has named as defendants U.S. Marshal Task Force Officers Wayne Griffiths, Philip

DeSalvo, Harley Smith, and Matt Glapion, Deputy Supervisor U.S. Marshal Doug Farrell, Deputy U.S. Marshals Michael Shesby, Raymond Smiles, and Brian Fair. He alleges that the defendants "banned together as one unit" with the Orleans Parish Police Department, while using excessive force, and violated his Fourth Amendment right against illegal search and seizure when they illegally searched his home and arrested him for failure to register as a sex offender without an arrest warrant, search, probable cause, or exigent circumstance.

When federal officials are sued in their official capacity, the defense of sovereign immunity applies if the relief sought against them would in effect be relief against the United. States. *1201 *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978), *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). Therefore, the claims against the defendants in their official capacities must be dismissed unless the plaintiff can demonstrate that the sovereign immunity defense has been waived.

In this case, the plaintiff does not assert and nor does he present any evidence that sovereign immunity defense has been waived. Therefore, the Court finds that the claims against the defendants, U.S. Marshal Task Force Officers Wayne Griffiths, Philip DeSalvo, Harley Smith, Matt Glapion, Deputy Supervisor U.S. Marshal Doug Farrell, Deputy U.S. Marshal Michael Shesby, Raymond Smiles and Brian Fair be dismissed because they are frivolous..

2. **Individual-Capacity Claims**

A. **Members of the Orleans Parish Police Department**

Dupard names as defendants eight (8) members of the Orleans Police Department alleging that the defendants violated his Fourth Amendment against illegal search and seizure when they

9

illegally searched his home and arrested him for failure to register as a sex offender without an arrest warrant, search warrant, probable cause, or exigent circumstance. Dupard further alleges that the officers used excessive force when executing the illegal search and seizure, and as a result, damaged a section of his six (6) foot wooden fence, his iron security screen door, and the front door of his private residence. *See* Rec. Doc. 3. He also alleges that these defendants used excessive force in executing his arrest when they "entered violently, scaring the kids and their mother", with their weapons drawn. *Id.*

### 1.    <u>Illegal Search and Arrest</u>

The right to be free from illegal arrest, as secured by the Fourth and Fourteenth Amendments is a clearly established constitutional right. However, whether an arrest is illegal, however, hinges on the absence of probable cause because warrantless searches and seizures inside of a home are prohibited absent probable cause and exigent circumstances. *Welsh v. Wisconsin*, 466 U.S. 740, 749, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); *Baker v. McCollan*, 443 U.S. 137, 144–45, 99 S.Ct. 2689, 2694–95, 61 L.Ed.2d 433 (1979); *Hobbs v. City of Garland*, CIV.A.3:97-CV-3175-P, 1998 WL 485684 (N.D. Tex. Aug. 7, 1998). As such, if Dupard cannot show that the officers lacked probable cause, he has failed to state the violation of a constitutional right, and the officers are entitled to qualified immunity. *See Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998).

Probable cause depends on whether the officers "possess[ed] knowledge that would warrant a prudent person's belief that [the suspect] had already committed or was committing a crime." *Eugene v. Alief Independent School Dist.*, 65 F.3d 199, 1305. Thus, the central question in qualified immunity analysis is "the objective (albeit fact-specific) question [of] whether a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information

the [arresting] officers possessed." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); *see also Sorenson*, 134 F.3d at 328.

To sufficiently allege the violation of a clearly established constitutional right, Dupard cannot merely assert that the right not to be arrested without probable cause is clearly established. *See Sorenson*, 134 F.3d at 328; *Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d 495, 503-04 (W.D. La. 2001). Instead, he must show that the legality of his conduct was clearly established. In other words, he must demonstrate that, at the time of his arrest, he was not in violation of any laws of the State of Louisiana. *See Sorenson*, 134 F.3d at 328.

The Court's research of available online information indicates that Dupard was convicted on April 20, 2010 for violating LA. R.S. 14:81 - Indecent Behavior with a Juvenile. Under Louisiana law, any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to a sex offense as defined in R.S. 15:541, which includes LA. R.S. 14:81 of which Dupard was accused, shall be required to register and provide notification as a sex offender or child predator with the sheriff of the parish of the person's residence, or residences, if there is more than one, and with the chief of police if the address of any of the person's residences is located in an incorporated area which has a police department. If the offender resides in a municipality with a population in excess of three hundred thousand persons, he shall register in person with the police department of his municipality of residence. La. Rev. Stat. Ann. § 15:542.

Here, Dupard does not contend that he was in compliance with this requirement. He does not contend that he was neither required to register as a sex offender at his current place of residence nor that he had already registered. If Dupard did in fact fail to register as a sex offender for his place

of residence as is required by Louisiana law, then the officers had probable cause to arrest him on those charges where he was residing.

Moreover, Dupard has failed to submit any countervailing affidavits or other evidence demonstrating that probable cause was absent. *See Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d 495, 504 (W.D. La. 2001)(holding that the plaintiff did not have a claim for unreasonable seizure, false arrest or false imprisonment because he failed to submit any countervailing affidavits or other evidence demonstrating that probable cause was absent). Because Dupard has not alleged any facts from which the Court could conclude that the officers lacked probable cause, an exigent circumstance, arrest warrant, or search warrant, he has failed to state a violation of a constitutional right. Therefore, his claim against the defendants is frivolous as it fails to state a claim upon which can be granted.

## 2.    <u>Excessive Force and Property Damage</u>

The standard for use of force applicable to arrestees is set forth in *Graham v. Connor*. 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d 495, 508 (W.D. La. 2001) citing *Graham*, 490 U.S. 386. The force must be objectively reasonable under the totality of the circumstances. *Graham*, 109 S.Ct. at 1873. In other words, "the officer's actions [must be] objectively reasonable in light of the facts and circumstances confronting them without regard to their underlying intent or motivation ..." *Id.* at 1872.

Factors to be considered under Louisiana law, in determining whether force used is reasonable, are: (1) the character of the arrestee; (2) the risks and dangers faced by the officers; (3) the nature of the offense; (4) the probability of the arrestee's escape; (5) the existence of alternative methods of arrest; (6) the physical size, strength, and weaponry of the officers as compared to the

arrestee; and (7) the exigencies of the moment. *Deshotels v. Norsworthy*, W.D.La.2010, 721 F.Supp.2d 525. In gauging the objective reasonableness of the force, a court must balance the amount of force used against the need for that force. *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir.1996).

Other nonexclusive factors in determining intent and whether an excessive force claim has been established: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need for and the amount of the force used; (4) the threat reasonably perceived by the responsible officials; and (5) the efforts made to temper the severity of a forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Williams v. Valenti*, 432 F. App'x 298, 301 (5th Cir. 2011); *Moss v. Brown*, 409 F. App'x 732 (5th Cir. 2010).

The Fifth Circuit has held that in order to succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir.2001) *citing Goodson*, 202 F.3d at 740 *(q*uoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.1999)); *see also Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d at 508. Although a showing of "significant injury" is no longer required in the context of an excessive force claim, the Fifth Circuit does require a plaintiff asserting an excessive force claim to show that he sustained an injury which is "more than a de minimis injury" evaluated in the context in which the force was deployed. *Glenn*, 242 F.3d at 314 citing *Williams*, 180 F.3d at 703, quoting *Jackson v. R.E. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993); *See also Gomez v. Chandler*, 163 F.3d 921 (5th Cir.1999); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997). Indeed, the extent of injury suffered by a plaintiff is one factor that may suggest whether the use of force was excessive

in a particular situation. *Ikerd*, 101 F.3d at 434, citing *Hudson v. McMillian*, 112 S.Ct. at 999; *see also Nowell v. Acadian Ambulance Serv.*, 147 F. Supp. 2d at 508.

First, Dupard alleges that the defendants, together with several U.S. Marshals, deliberately damaged a section of his six (6) foot wooden fence, his iron security screen door, and the front door of his private residence while executing his arrest for failure to register as a sex offender. *See* Rec. Doc. 3. However, under Louisiana law, "No person shall have a cause of action against a public entity[3] or the officers and employees thereof for damage to property at the site of a crime, accident, or fire, including without limitation the destruction or deterioration of property, caused while the officer or employee was acting within the course and scope of his office or employment and while taking reasonable remedial action which is necessary to abate a public emergency[4], unless such damage was caused by willful or wanton misconduct or gross negligence." La. Rev. Stat. Ann. § 9:2793.1.

Here, the Court concludes that the defendants were acting within the course and scope of their employment, and it does not appear that the damage to Dupard's property was a result of any "willful or wanton misconduct or gross negligence." As such, the Court concludes that Dupard's claim for his property damage must be dismissed as frivolous because it states a claim upon which relief cannot be granted.

Next, Dupard alleges that the defendants, together with the U.S. Marshals, used excessive

---

[3]As used in this Section, "public entity" means the state, or a political subdivision thereof which maintains a department responsible for fire protection, and its fire department, or a law enforcement agency, office, or department responsible for the prevention and detection of crime and the enforcement of the criminal laws of this state, and its law enforcement agency, office, or department. La. Rev. Stat. Ann. § 9:2793.1.

[4]For purposes of this Section, the term "public emergency" includes any emergency in which there is a potential threat to life or property requiring immediate or remedial action, in order to insure the safety and health of persons and property, including an emergency created by apparent violation of the criminal laws of this state or an emergency created by fire. La. Rev. Stat. Ann. § 9:2793.1.

force in executing his arrest when they "entered violently, scaring the kids and their mother", with their weapons drawn. *See* Rec. Doc. 3. He contends that he has two (2) sworn affidavits of material witnesses to the excessive force used in his arrest. *Id.* As previously noted, to succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable. *Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir.2001).

Here, although the number of law enforcement officers and the manner is which they executed the arrest may be perceived as objectively unreasonable, being that Dupard was arrested for failing to register as a sex offender, he fails to allege any facts that he was directly injured from the use of force used by the defendants. As such, Dupard's claim for excessive force must be dismissed as frivolous for failing to state a claim upon which relief may be granted.

### B. Members of the United States Marshal Service

Dupard has named six (6) United States Marshals as defendants, Wayne Griffiths, Phillip DeSalvo, Harley Smith, Matt Glapion, Michael Shesby, Raymond Smiles, who he contends were lead by Deputy Supervisor Marshal Doug Farrell and Deputy U.S. Marshal Brian Fair. He alleges that the defendants "banned together as one unit" with the Orleans Parish Police Department, while using excessive force, and violated his Fourth Amendment right against illegal search and seizure when they illegally searched his home and arrested him for failure to register as a sex offender without an arrest warrant, search warrant, probable cause, or exigent circumstance. However, a review of the law reflects that Dupard's claims against the Marshals are frivolous as it seeks relief against improper defendants under § 1983 liability.

Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's

constitutional rights "under color of [state] law," however it does not provide a remedy for constitutional deprivations committed by federal officials acting under color of federal law in their individual capacities. Title 42 U.S.C. § 1983; *see Cowns v. N.*, CIV. 04-3086-CO, 2004 WL 2303543 (D. Or. Oct. 12, 2004) *report and recommendation adopted*, CIV.04-3086-CO, 2004 WL 2491581 (D. Or. Nov. 1, 2004). As such, Dupard's claims against these defendants for illegal search and seizure, illegal arrest, excessive force, and property damage under § 1983 must be dismissed as frivolous as it seeks relief against improper defendants.

### C.     Assistant District Attorneys Virginia D. Miller and William Jorden

Dupard has named as defendants Orleans Parish Assistant District Attorneys Virginia D. Miller ("Miller") and William Jorden ("Jorden"). He alleges that both defendants unconstitutionally instituted a Bill of Information as to the charge of failure to register as a sex offender, without obtaining jurisdiction to prosecute the offense because the offense was committed in St. Bernard Parish. To the extent he has named these defendants in their individual capacities, Dupard claim must be dismissed as the claim is barred by absolute prosecutorial immunity.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Dupard's claims against Miller and Jorden are intimately associated with their roles in the bringing of charges and the criminal court process. His challenge is to the prosecution's decision to pursue a conviction in the Orleans Parish criminal court system. Miller and Jorden are clearly entitled to absolute immunity from suit for their role in bringing and prosecuting the charges against Dupard. As such, the claims against these defendants in their individual capacity must be dismissed as frivolous for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

Furthermore, Dupard alleges that the defendants lack jurisdiction to prosecute his offense because his failure to register as a sex offender was committed in St. Bernard Parish. However, although he failed to register in St. Bernard Parish, according to Dupard's own complaint, he was residing at 2119 N. Dorgenois Street, New Orleans, La, when he was arrested for the offense of failing to register as a sex offender. As previous stated, under Louisiana law, sex offenders are required to register and provide notification as a sex offender or child predator with the sheriff of the parish of the person's residence, or residences. La. Rev. Stat. Ann. § 15:542. Therefore, if Dupard was residing in Orleans Parish and had not complied with the applicable legal requirements of his offense, District Attorneys Miller and Jorden did in fact have jurisdiction to prosecute his

offense.

### D.    Orleans Parish Public Defender James Harper

Dupard has included as a defendant Orleans Parish Public Defender James Harper ("Harper")

for allegedly violating his right to effective assistance of counsel at every stage during the criminal

proceeding. As previously noted, Dupard alleges that Harper committed malpractice by intentionally

failing to file any pretrial motions in compliance with Dupard's right to due practice, failing to

investigate all reports, affidavits, and warrants concerning Dupard's Fourth Amendment violation

and the lack of jurisdiction in his case, and failing to present mitigating evidence during the pretrial

stages of the criminal proceedings, which consisted of two (2) sworn affidavits of material witnesses

to the excessive force used in his arrest *See* Rec. Doc. 3. As such, Dupard fails to state a claim under

§ 1983, because a public defender does not "act under color of state law in exercising [his]

independent professional judgment in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312,

324, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Melendez v. Gutierrez*, EP-11-CV-136-PRM-DCG, 2011

WL 3847136 (W.D. Tex. July 26, 2011).

Section 1983 imposes liability on any "person" who violates one's constitutional rights under

"color of law." 42 U.S.C. § 1983 (2006 ). Under § 1983, the plaintiff must prove that a

constitutional violation occurred, and that the defendant's actions were taken under color of state

law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). It is well established, however, that

neither a privately retained attorney nor a court appointed attorney is a state actor for purposes of

§ 1983. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing *Dennis v. Sparks*, 449 U.S. 24

(1980)); *See also Polk County v. Dodson*, 454 U.S. 312, 324, 102 S.Ct. 445, 453, 70 L.Ed.2d 509

(1981) (public defender does not act under color of state law when performing a lawyer's traditional

functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law). Consequently, there can be no liability under § 1983 without some proof of an overt joint action by the State or one of its agents and a privately retained or appointed attorney, to violate Dupard's constitutional rights. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

In this case, Dupard has not alleged that Harper conspired with the trial judge, the prosecuting attorney, and the arresting police officers to deprive him of due process of law. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). Instead, Dupard's claims focuses only on the impropriety of the actions of the public defender. As such, Dupard's claim against the defendant in his individual capacity is dismissed as frivolous for failure to state a claim upon which relief may be granted and seeks relief from a defendant who is immune.

### E.     Orleans Parish Criminal Court Judge Darryl Derbigny

Dupard has named as a defendant Judge Darryl Derbigny ("Derbigny") for failing to maintain the integrity of the judicial proceeding by accepting a plea of guilty to the offense for which the State did not have legal jurisdiction to prosecute. However, Dupard fails to state a claim against Judge Derbigny because judges are absolutely immune from liability under § 1983.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. *See Mireles v. Waco*, 502 U.S.

9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd*, 31 F.3d at 284.

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further quotation omitted)).

As such, Dupard's claim against the defendant in his individual capacity is dismissed as the doctrine of judicial immunity bars Dupard's suit for monetary damages and injunctive relief against Judge Derbigny.

Furthermore, Dupard alleges that the defendant lacked jurisdiction to accept his plea of guilty for failing to register as a sex offender because the offense was committed in St. Bernard. However, as previously explained, although he failed to register in St. Bernard Parish, according to Dupard's own complaint, he was residing at 2119 N. Dorgenois Street, New Orleans, La, when he was arrested. Under Louisiana law, sex offenders are required to register and provide notification as a sex offender or child predator with the sheriff of the parish of the person's residence, or residences. La. Rev. Stat. Ann. § 15:542. Therefore, if Dupard was residing in Orleans Parish and had not complied with the applicable legal requirements of his offense, Judge Derbigny did in fact have jurisdiction to prosecute his offense.

## V.    Recommendation

**IT IS RECOMMENDED** that Dupard's § 1983 claims against all defendants, Orleans Parish Public Defender James Harper, Orleans Parish Criminal Court Judge Darryl Derbigny,

Assistant District Attorney Virginia D. Miller, Assistant District Attorney William Jorden, U.S. Marshal Task Force Officers Wayne Griffiths, Philip DeSalvo, Harley Smith, and Matt Glapion, Deputy Supervisor U.S. Marshal Doug Farrell, Deputy U.S. Marshals Michael Shesby, Raymond Smiles, and Brian Fair, Orleans Parish K-9 Unit Police Officer Harold Rich and Hunter, Orleans Parish Police Officers N. Addison and A. Harris, Orleans Parish Police Sergeant R. Fayard, and Orleans Parish Detectives Brian Elsensohn, Scott Seymour, and Raymond Hughes, each in their individual and official capacities, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 2nd day of September, 2014.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.